PER CURIAM.
¶1 Damon Kell appeals a judgment, entered upon his no-contest plea, convicting him of operating a motor vehicle while intoxicated (OWI), as a fourth offense within five years. Kell argues the circuit court erred by denying his suppression motion because law enforcement unlawfully stopped his vehicle. We reject Kell's argument and affirm the judgment.
BACKGROUND
¶2 The State charged Kell with OWI and operating with a prohibited alcohol concentration, both as his fourth offense within five years, and operating after revocation. Kell moved to suppress all evidence obtained as a result of what he alleged was an unlawful traffic stop. At a hearing on Kell's motion, Wausau police officer Jacob Albee testified regarding his observations leading to the stop of Kell's vehicle. After considering Kell's motion hearing testimony and viewing a dashboard camera video recording from Albee's squad car that night, the circuit court denied Kell's motion. Kell then entered a no-contest plea to OWI-fourth, as charged. The court withheld sentence and imposed three years' probation. Kell now appeals the court's denial of his suppression motion. Additional facts are noted below.
DISCUSSION
¶3 Kell argues that officer Albee lacked reasonable suspicion to stop Kell's vehicle. A traffic stop is constitutionally permissible when the officer has reasonable suspicion to believe a crime or traffic violation has been or will be committed. State v. Houghton , 2015 WI 79, ¶21, 364 Wis. 2d 234, 868 N.W.2d 143. This standard requires that the stop be based on "more than an officer's 'inchoate and unparticularized suspicion or hunch.' " State v. Post , 2007 WI 60, ¶10, 301 Wis. 2d 1, 733 N.W.2d 634 (quoting Terry v. Ohio , 392 U.S. 1, 27 (1968) ). "The officer must be able to point to specific and articulable facts that, taken together with rational inferences from those facts, reasonably warrant the intrusion" of the stop. State v. Young , 212 Wis. 2d 417, 423-24, 569 N.W.2d 84 (Ct. App. 1997). "The question of what constitutes reasonable suspicion is a common sense test: under all the facts and circumstances present, what would a reasonable police officer reasonably suspect in light of his or her training and experience." Id. at 424. Whether there was reasonable suspicion for a traffic stop is a question of constitutional fact, to which we apply a two-step standard of review. Post , 301 Wis. 2d 1, ¶8. We uphold the circuit court's findings of historical fact unless they are clearly erroneous, but we independently review the application of those facts to constitutional principles. Id.
¶4 As an initial matter, Kell contends that because the circuit court's findings were based, in part, on the squad car's dashboard camera video, this court should review those findings de novo under the documentary evidence exception to the clearly erroneous standard of review, as this court is in the same position as the circuit court to determine the facts at issue. In State v. Walli , 2011 WI App 86, ¶17, 334 Wis. 2d 402, 799 N.W.2d 898, however, this court held that when evidence in the record consists of disputed testimony and a video recording, we will apply the clearly erroneous standard of review when we are reviewing the circuit court's findings of fact regarding the basis for the stop. Thus, we reject Kell's argument for de novo review of the circuit court's factual findings. Moreover, Kell does not explicitly identify any circuit court finding of fact as clearly erroneous. Rather, he disagrees with the court's conclusion of law-i.e., that reasonable suspicion supported the stop.
¶5 At the motion hearing, officer Albee, who was a seven-and-one-half year veteran of the police force, testified that at approximately 1:30 a.m. on January 11, 2015, he observed a truck lose traction on a snow-covered road while making a right turn. Albee continued: "The vehicle then, more quickly than most vehicles, accelerated to about 25 miles an hour which is the speed limit [there]. The vehicle then changed lanes more quickly than most vehicles do and only signaled to the point where the left turn signal light flashed once."
¶6 After moving to the left side of its lane and then to the right side of its lane, the vehicle stopped at a red light. When the light turned green, the vehicle "quickly accelerated, losing traction," and the back end of the truck moved to the left, and then to the right, before continuing through the intersection. Albee also observed that the truck's license plate was covered with snow to the point where the officer could not read it, in violation of WIS. STAT. § 341.15 (2015-16).[1] Based on his belief that the driver "intentionally accelerated overly quickly" and "did not keep control" of the truck, Albee initiated his emergency lights, stopped the vehicle, and identified Kell as the driver.
¶7 The circuit court concluded that the stop of Kell's vehicle was constitutionally permissible under the totality of the circumstances, reiterating: "[Albee] sees a car lose traction, change a lane fairly quickly, accelerate fairly quickly, but the bottom line, he can't read the [license] plate." Further, Albee encountered Kell's vehicle at approximately 1:30 a.m. on a Sunday morning. The timing of one's conduct may contribute to the existence of reasonable suspicion. See State v. Lange , 2009 WI 49, ¶32, 317 Wis. 2d 383, 766 N.W.2d 551 ("It is a matter of common knowledge that people tend to drink during the weekend when they do not have to go to work the following morning."); see also Post , 301 Wis. 2d 1, ¶36 (poor driving at or around bar closure time may raise reasonable suspicion).
¶8 On appeal, Kell emphasizes that during the stop, Albee cited Kell's driving behavior and never mentioned the obscured license plate as the reason for the stop. However, as long as there was a proper legal basis to justify the stop, "the officer's subjective motivation does not require suppression of the evidence or dismissal." State v. Baudhuin , 141 Wis. 2d 642, 651, 416 N.W.2d 60 (1987). In other words, "[t]he officer's subjective intent does not alone render a search or seizure of an automobile or its occupants illegal, as long as there were objective facts that would have supported a correct legal theory to be applied and as long as there existed articulable facts fitting the traffic law violation."Id. Thus, Albee's subjective intent for the stop, as he related it to Kell, is irrelevant. The obstructed license plate and the aggregate driving events are objective facts that supported the stop.
¶9 Kell alternatively asserts various innocent explanations for the driving behavior Albee observed, including a lack of traction and slippery road conditions. As the circuit court acknowledged, Albee would not necessarily know which vehicles have traction control. Moreover, law enforcement is not required to rule out innocent, lawful explanations when observing what would otherwise be suspicious, unlawful activity. See State v. Waldner , 206 Wis. 2d 51, 55-56, 556 N.W.2d 681 (1996) (if officer may draw reasonable inference of unlawful activity from facts, the stop is lawful, even if underlying facts by themselves represent innocent conduct). Given the totality of the circumstances here, we agree with the circuit court that Albee had reasonable suspicion to stop Kell's vehicle.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted. Wisconsin Stat. § 341.15(2) provides, in relevant part, that a vehicle's registration plates "shall at all times be maintained in a legible condition and shall be so displayed that they can be readily and distinctly seen and read." The statute continues: "Any peace officer may require the operator of any vehicle on which plates are not properly displayed to display such plates as required by this section." Id. Further, "[a] person who operates a vehicle with a registration plate in an illegible condition due to the accumulation of dirt or other foreign matter" may be required to forfeit not more than $200. Wis. Stat. § 341.15(3)(c).